## SUPREME COURT.

MARY W. BARKER, by HIRAM HORTON, her next friend agt. DAVID BARKER.

Defendant was required by an order of the court to pay a certain amount of costs of suit, and a certain sum annually to defendant for alimony. He had sold his property and abandoned his wife, and gone to Canada. A copy of the order was there served on him personally, which he refused to comply with. The plaintiff then moved to strike out his answer, and for other relief, unless he complied with the order.

The defendant opposed this motion, and at the same time made a cross motion to have the order modified, on the ground that he was not worth as much as was sworn to on obtaining the order.

The court thought the defendant did not come before it with a very good grace to ask a favor while in contempt. It would have looked better if he had complied with the terms of the order, if he wished to avail himself of his excuse for a modification. Plaintiff's. motion was granted with costs, with certain conditions, specified.

MOTION to strike out answer, and for further relief, unless defendant comply with the terms of an order heretofore made by Justice ROSEKRANS, requiring him to pay $50 for expenses of suit and $150 annually, in payments of $75, at the end of every six months, for alimony. Defendant sold out his property in this state, and absconded to Canada, where he now resides, for the purpose of being out of the jurisdiction of the court, and abandoning plaintiff, his wife, as he declared to persons whose affidavits detail that fact among others. An order to show cause was first made at Malone on the 5th September last, when defendant's attorney appeared and moved

Mary W. Barker, by her next friend agt. Barker.

a postponement, on the ground that defendant was too ill to attend. An adjournment was granted until the 11th at the chambers of the justice at Plattsburgh. On the latter day the plaintiff appeared, but the defendant did not, and the justice granted the order, a copy of which was served on defendant's attorney, on the 12th day of November last, but could not be served on defendant, by reason of his absence from the state. Subsequently, a copy was served on defendant at his residence in Dundee, Canada, and a demand made, but payment was refused.

Defendant read in opposition to this motion, an affidavit of his attorney, that the absence on the part of defendant, on the 11th September, was caused by an accidental detention of the cars. Defendant's counsel also read an affidavit of defendant, denying that he is worth $7,000, as stated in plaintiff's papers, and averring that he is only worth about $2,200 ; but not denying that he had absconded for the purpose of avoiding the service of process in this suit, or that he had declared so ; and on these affidavits, makes a cross motion for the modification of the order of Justice ROSEKRANS.

HUTTON & CANTWELL, *for plaintiff.*
H. A. PADDOCK, *for defendant.*

C. L. ALLEN, Justice. The defendant is in contempt for disobeying the order of Justice ROSEKRANS. If he wished to avail himself of his excuse, he should have complied with the terms, and then applied for a modification. Besides, although he denies that he is worth the sum of $7,000, and avers that he is only worth about $2,200, yet he does not deny its other allegations in plaintiff's affidavits, that he has absconded to Canada for the purpose of abandoning plaintiff, of being beyond the reach of the process of this court, and that he has sold out his property for the same purpose, and that he declared before leaving, that such was his intention.

He comes not, therefore, with a very good grace to ask a favor of the court, and his motion must be denied. An order

must also be entered requiring him to comply with the terms of the order of Justice ROSEKRANS in twenty days after service of a copy of the order hereby granted, with $10 costs of this motion, on his attorney; or that in default thereof, his answer be stricken out, and that the cause proceed on the part of the plaintiff, without such answer; proceedings on his part to stay until a full compliance with the order; and plaintiff is to have leave to apply for such further relief as she may be advised, in case defendant fails to comply with the terms of this order.

Order accordingly.